IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL W. CHASTAIN, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | |
| vs. | * | NO. _____ |
| | * | |
| GEORGE CASON, | * | JURY TRIAL DEMANDED |
| | * | |
| Defendants. | * | |

**COMPLAINT FOR DAMAGES**

NATURE OF THE CASE

1.

This is a malicious prosecution case. Investigator George Cason was called to a burglary scene by a homeowner, who explained that his home security system had captured the burglary on video. Inv. Cason learned that one of the suspects was a man known as "Michael Chastain," but, rather than watch the home video to confirm whether Plaintiff was the suspect, Inv. Cason swore out an arrest warrant for Plaintiff. Inv. Cason's mistaken identification lead to Plaintiff's arrest; the charges against Plaintiff were dismissed the next day. With this complaint, Plaintiff seeks damages and attorney's fees.

PARTIES

2.

Plaintiff Michael W. Chastain ("Chastain") is a

resident of Rabun County, Georgia, and is subject to the jurisdiction of this Court.

3.

Defendant George Cason ("Inv. Cason") was, at all times relevant to this complaint, employed as an investigator by the Habersham County Sheriff's Office and acted under the color of law.  Inv. Cason is sued in his individual capacity.

## VENUE

4.

All acts or omissions alleged in this complaint occurred in the Northern District of Georgia, where at least one defendants resides, and therefore venue is properly within this district under 28 U.S.C. § 1391(b)(2).

## JURISDICTION

5.

Jurisdiction for this suit is conferred in part by 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

FACTS

The Burglary

6.

On July 18, 2024, Habersham County Sheriff's Deputy W. Sless responded to a trespassing complaint at 425 Pardue Mill Road in Demorest, Georgia made by Nathan Reeves, the owner of the house.

7.

Nathan explained to Deputy Sless that Kristy Reeves (Nathan's sister) and an unknown male had broken into his home, and they had taken items belonging to Nathan and his son.

The Investigation

8.

While at Nathan's house Deputy Sless called HCSO Investigator George Cason, who later arrived at the house.

9.

At the house, Inv. Cason spoke with Nathan and Kristy and, upon information and belief, learned (a) that Kristy's male accomplice was known as "Michael Chastain," and (b) that Nathan had home security video of this male accomplice committing the burglary ("the Video").

10.

Deputy Sless photographed the broken window and lock,

as well as the blood on the light switch and in the hallway.

11.

One of the deputies showed Nathan a photograph of an unidentified male, and Nathan told the deputies that no one in the Video resembled the male in the photograph.

12.

Kristy was arrested for burglary and taken to the Habersham County Jail by Deputy Sless.

13.

Nathan provided the Video to the HCSO deputies.

14.

The Video shows that Kristy's male accomplice is probably in his 50s, tall, and wiry, having a full head of dark hair with no beard or mustache.

15.

The Video has an audio component, and the unidentified male can be heard speaking.

16.

Chastain is 5'6", and, on the day of the burglary, was 29 years old with no hair on the top of his head, and with red hair with a full red beard and mustache.

17.

Later the same day (July 18), and without viewing the Video or processing the crime scene (e.g., gathering blood

and fingerprint samples), Inv. Cason applied for an arrest warrant for Chastain for burglary, in which he swore:

> Personally came George Cason, who on oath says that, to the best of affiant's knowledge and belief that Michael Wayne Chastain did, in the County aforesaid, commit the offense of, TO WIT BURGLARY, 1ST DEGREE, on or between 07/16/2024 and 07/18/2024, between the hours of 8:00 AM and 11:00 AM in HABERSHAM County, Georgia; 425 Pardue Mill Rd. Demorest, GA the place of and against the laws of the State of Georgia. OCGA- 16-7-1(B)
>
> Said offense being described as:
>
> The accused, Michael Wayne Chastain, did without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied or vacant dwelling house of another or any building, vehicle, railroad car, watercraft, aircraft or other such structure designed for use as the dwelling of another to wit: Entered the residence of 425 Pardue Mill Rd. Demorest, GA; where her brother, Nathan Reeves (established resident) lives by forced entry. The accused and another party broke the glass in the window to Nathan's sons' room, then the accused and another party drilled a hole into a deadbolt on a door to the residence to make full entry to the residence where they took items belonging to Nathan.

### Chastain's Arrest

18.

On August 12, 2024, based on Inv. Cason's arrest warrant, Chastain was arrested by Rabun County Sheriff's Office deputies at his home and transported to the Habersham County Detention Center. He was not released from jail until the next day.

19.

The arrest warrant was dismissed on August 13, 2024.

<u>Count 1</u>

<u>42 U.S.C. § 1983: Malicious Prosecution</u>

<u>in violation of the Fourth Amendment</u>

20.

Chastain incorporates paragraphs 1 through 19 here by this reference.

21.

Inv. Cason initiated a criminal prosecution against Chastain for an alleged violation of O.C.G.A. § 16-7-1, and he knew or should have known that no arguable probable cause existed to believe that Chastain had committed any crime recognized by law.

22.

Inv. Cason initiated the arrest and continued the prosecution of Chastain by making false and reckless statements and material omissions in his arrest warrant application, thus displaying malice and a reckless disregard for Chastain's civil rights.

23.

This criminal prosecution terminated favorably for Chastain.

24.

At all times relevant to this action, the law was established with obvious clarity that arresting a citizen without arguable probable cause and depriving a citizen of his liberty violates the Fourth Amendment to the United States Constitution.

25.

As a result of his arrest and prosecution, Chastain suffered emotional, mental, and financial injury, entitling him to recover compensatory and punitive damages against the defendant in an amount to be determined by the enlightened conscience of the jury.

WHEREFORE, Chastain respectfully requests the following relief:

(a) That as to Count 1, the Court award him compensatory and punitive damages against the defendant in an amount to be determined by the enlightened conscience of an impartial jury;

(b) That the Court grant Chastain his reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(c) That Chastain be granted a trial by jury on all issues so triable; and

    (d)    That Chastain be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

BY: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

WIGGINS LAW GROUP, LLC
Suite 804
260 Peachtree Street, NW
Atlanta, Georgia 30303
Telephone: (404) 659-2880
cary@wigginslawgroup.com